**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **VALERO MARKETING AND SUPPLY COMPANY and THE PREMCOR REFINING GROUP, INC.,** )<br>)<br>)<br>) | |
| **Plaintiffs,** ) | |
| )<br>vs. ) | **Case No. 06-cv-0623-MJR** |
| ) | |
| **SOUTHCAP PIPE LINE COMPANY,** )<br>) | |
| **Defendant.** ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

On August 11, 2006, Plaintiffs, Valero Marketing and Supply Company and The Premcor Refining Group, Inc., (collectively, "Premcor")[1] filed suit against Defendant Southcap Pipe Line Company ("Southcap") for Interstate Commerce Act ("ICA") liability for loss of Premcor's barrels of Qua Iboe crude oil, violation of the filed rate doctrine, unjust discrimination or preference, breach of bailment contract and conversion.

Subject matter jurisdiction lies under **49 U.S.C. §§ 8, 9 and 20(11)** and the filed rate doctrine pursuant to **28 U.S.C. §§ 1331 and 1337**. The Court has supplemental jurisdiction over Premcor's state law bailment and conversion claims under **28 U.S.C. § 1367(a)** because those claims are related to and form a part of the same case or controversy as the federal claims. Southcap moves this Court to transfer this action to the United States District Court for the Southern District of Texas, Houston Division, pursuant to **28 U.S.C. § 1404(a)** (Doc. 31). This matter is fully briefed

---

[1] In September, 2005, Premcor was acquired by Valero.

1

and ready for disposition.

Under **§ 1404(a)**, "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." **28 U.S.C. § 1404(a)**. A transfer is proper if (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Coffey v. Van Dorn Iron Works*, **796 F.2d 217, 219 (7th Cir. 1986)**. District Courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, **883 F.2d 1286, 1293 (7th Cir. 1989).**

### The Propriety of the Transferee District

The parties do not dispute that venue is proper in both the Southern District of Illinois and the Southern District of Texas. Thus, the Court turns to the second prong of its analysis and must determine if transfer is for the convenience of the parties and witnesses and in the interest of justice.

### The Convenience of the Parties and Witnesses

Factors to be considered by the Court in assessing the convenience aspect of a **§ 1404(a)** transfer include: (1) the plaintiff's choice of forum, (2) the location of the parties and witnesses, (3) the ease of access to sources of proof, and (4) the situs of material events. *ISI International, Inc. v. Borden Ladner Gervais LLP*, **256 F.3d 548, 553 (7th Cir. 2001);** *Tice v. American Airlines,* **162 F.3d 966 (7th Cir. 1998);** *General Portland Cement Co. v. Perry*, **204 F.2d 316, 318-19 (7th Cir. 1953).**

*Premcor's Choice of Forum*

A plaintiff's choice of forum normally is given substantial weight under **§ 1404(a)**. *Piper Aircraft Co. v. Reyno,* **454 U.S. 235, 255 (1981)**. However, where the plaintiff's choice is not its resident forum, the chosen forum is entitled to less deference. *Id.* **at 255-56.**

Southcap asserts that Premcor's choice of forum is entitled to little weight because Illinois is neither Premcor's state of incorporation (Delaware) nor the location of its principal place of business (San Antonio, Texas). However, these facts are not dispositive of this issue because, if Premcor demonstrates that the Southern District of Illinois has a strong connection with the operative facts giving rise to the claim, the Court will accord Premcor the deference traditionally given to its choice of forum. *Tomkins v. Forte Capital Partners, LLC*. **2006 WL 907776, \*5 (N.D.Ill. 2006)**. In such a case, Premcor's choice of forum is an important consideration in determining whether a motion to transfer should be granted, but it is not determinative. *Id*.

Stated simply, this dispute is about Southcap's delivery, or rather failure or refusal to deliver, 418,537 barrels of Premcor's Qua Iboe crude oil at Patoka, Illinois, in Marion County, which is in the Southern District of Illinois. Crude oil transported on Southcap's capacity on the Capline System travels over a pipeline segment that lies entirely within this District beginning, according to Premcor, roughly at Joppa, Illinois, and ending at Patoka.[2] Moreover, Premcor has a continuing presence in this District since it operated a refinery in this District, at Hartford, Illinois, and continues to operate a terminaling and distribution center in Hartford. For these reasons, the Southern District of Illinois has a strong connection with the operative facts giving rise to Premcor's

---

[2] "The Capline System is an interstate crude oil pipeline with a capacity of approximately 1.14 MBD (million barrels per day)." Plaintiffs' Complaint, ¶ 8. Southcap is one of four owners of Capline, with approximately 21% of the capacity in the system. *Id*. at ¶¶ 8, 10. Southcap transports crude oil from Liberty Station, Mississipi, and St. James Station, Louisiana, to delivery points at Collierville Station, Mississippi, and Patoka, Illinois. *Id*. at ¶ 10.

claim, and this factor weighs substantially against transfer.

### *The Location and Convenience of the Parties*

As to the convenience of the parties, courts traditionally give relatively less weight to this factor. If, for instance, the convenience of the witnesses and the interest of justice point strongly in a contrary direction, the location and convenience of the parties is not controlling. *See* **15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3849 (1986 & Supp. 2005)**.

When weighing the convenience of the parties, a federal trial court should consider the parties' respective residences and the parties' ability to bear the costs of litigating in a particular forum. *Forcillo v. LeMond Fitness, Inc.,* **220 F.R.D. 550, 553** (*citing Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership*, **807 F.Supp. 470, 474 (N.D.Ill. 1992)**. Generally, the further a party resides from a litigation forum, the more difficult and more expensive it will be for that party to travel to a particular forum. The distance of each party's residence from different prospective fora, therefore, serves as an effective proxy to determine and compare a party's anticipated cost and difficulty of litigating in each forum.

In this case, no party to this action - neither Premcor nor Southcap - is a resident of the Southern District of Illinois or even the State of Illinois. Consequently, both parties will bear substantial travel costs to litigate in this forum.

Both Premcor and Valero have their principal places of business in San Antonio. Premcor argues that there is no disparity in the parties' ability to litigate this case in this District, and both sides have ongoing business operations here. Notwithstanding Premcor's argument, the Court finds that, based on the respective residences of the parties involved, the Southern District of

Texas is comparatively more convenient than the Southern District of Illinois for the parties. Accordingly, this factor weighs in favor of transfer.

### *The Location and Convenience of the Witnesses*

The convenience of witnesses is often viewed as the most important factor in the transfer balance. *Biomet, Inc. v. Stryker Howmedica Osteonics Corp.*, **2004 WL 769358, *6 (N.D.Ill. 2004)** (*citing Tingstol v. Rainbow Sales, Inc.*, **18 F.Supp.2d 930, 933 (N.D.Ill. 1998)**). If the alternative forum will better serve the convenience of witnesses, trial courts have consistently granted a party's motion to transfer. *Forcillo,* **220 F.R.D. at 553;** *Coats Co., Inc. v. Vulcan Equipment Co., Ltd.,* **459 F.Supp. 654 (N.D. Ill. 1978)**. In analyzing this factor, courts must look to the nature and quality of the witnesses' testimony with respect to the issues, not just the number of witnesses in each venue. *Forcillo,* **220 F.R.D. at *id*.** The convenience of witnesses who are within a party's control is far less important than the convenience of non-party witnesses. *International Truck and Engine Corp. v. Dow-Hammond Trucks Co.*, **221 F.Supp.2d 898, 904 (N.D.Ill. 2002) ("Because these witnesses are within plaintiffs' control, however, the court is not persuaded that the convenience of these witnesses favors the plaintiffs.")**. "The party seeking transfer must specify the key witnesses to be called and establish that the nature and quality of their testimony with respect to the issues of the case warrant the case's transfer." *Brady v. Hanger Orthopedic Group, Inc.*, **2006 WL 2560953, *2 (N.D.Ill. 2006)**.

Premcor has named one witness currently residing in the Southern District of Illinois, Brad Fields, Manager of Crude Oil Accounting and Financial Reporting for Premcor, and, thus, a witness within Premcor's control. Doc. 41, Exhibit A. Premcor has also identified three former Premcor employees who live within 100 miles of this District: Bryan Barker, former Premcor crude

oil scheduler, who resides in St. Charles, Missouri; David Blank, former Premcor accountant, who resides in St. Louis, Missouri; and Doug Meyer, former Premcor internal auditor, who resides in St. Louis, Missouri. *Id*. Other witnesses named by Premcor reside in New York, Texas, and Connecticut.

Southcap has identified, as having relevant information, several witnesses within Southcap's control: Chris Doss, President; Dennis Dominic, Vice President; Rich Wall, Scheduling Manager; and J. Lee Bailey, Vice President. Doc. 31, Exhibit B. Southcap has also identified former employees Steve Krahenbuhl, former Supervisor of Oil Movements and Accounting, and John Millar, former Vice President of Southcap, both of whom reside in Houston. Non-party witnesses, all of whom reside in Houston, include Dennis Hegemier, Manager of Oil Movements for Shell Pipeline Company, LP, Janet Foreman, Scheduler for Shell and Dennis Ramsy, former Director - Oil Movements and Revenue Accounting for Shell. *Id.,* Exhibit A. Southcap asserts that Hegemier, Foreman and Ramsey are familiar with the operation of Capline and with Shell's records reflecting Premcor's transportation of Qua Iboe in the Capline system. *Id*. Krahenbuhl and Millar were directly involved in discussions with Premcor and Shell regarding Premcor's inventory and the 2004 re-grading of Premcor's inventory. *Id*. Southcap provides the names of other witnesses who are likely to have discoverable information but does not provide their location. *Id*. Exhibit C.

Premcor and Valero both list key witnesses that reside in Texas, including both party and non-party witnesses. However, Premcor also lists key witnesses that reside in Illinois or within 100 miles of this courthouse, including non-party witnesses. Additionally, the Court notes that the Southern District of Illinois is more centrally located for those who would have to travel some distance for trial in either District. On balance, the Court finds that this factor is neutral.

*Access to Proof*

In light of the availability of electronic storage and transfer of the documents relevant to this matter, despite the parties' arguments, the Court finds that this factor is of marginal significance to the analysis.

*The Situs of Material Events*

Premcor argues that the material events giving rise to this litigation occurred in the State of Illinois because the crude oil at issue was transported through this State with a destination within this District. Moreover, this Court emphasizes that its **§ 1404(a)** analysis is *only* concerned with how the Southern District of Illinois compares to the Southern District of Texas. Based on the information available to this Court, the Southern District of Illinois is more the situs of the material events underlying this case than is the Southern District of Texas. As the Court found, above, this District has a strong connection with the operative facts of this case. Underlying the complicated accounting issues is Premcor's basic claim: that Southcap did not deliver back to Premcor, at Patoka, Illinois, 418,357 barrels of Qua Iboe crude that entered the Capline System in Louisiana. Plaintiffs' Complaint, ¶¶ 49, 50. Accordingly, Premcor claims that Southcap is liable to Premcor for the loss of those barrels of crude oil during transportation on Southcap's capacity in the Capline System. *Id.* ¶ 51. Furthermore, the alleged breach of bailment contract and conversion occurred when Valero failed to deliver the crude oil to Premcor within the Southern District of Illinois. Accordingly, this factor also weighs against transfer.

In sum, this Court finds that this is a close call, with the factors of Premcor's choice of forum and the situs of the events weighing against transfer, the location and convenience of the parties favoring transfer, and other factors either neutral or of marginal significance. On balance,

7

however, these findings weigh against transfer,

### The Interest of Justice

The final determination this Court must make in its **§ 1404(a)** analysis is whether the transfer is in "the interest of justice." **28 U.S.C. § 1404(a)**. This component of the inquiry relates to the "efficient functioning of the courts," not the merits of the underlying dispute. *Coffey,* **796 F.2d at 221**. Factors traditionally considered in the interest of justice analysis include the transferee court's familiarity with applicable law and the congestion of both courts' dockets. *Id.* For instance, the interest of justice may be served by transfer to a district where the parties will receive a more speedy trial or where jurors have a financial interest in the case. *Id.*

Both this district and the Southern District of Texas are equally familiar with and capable of resolving actions arising under the Interstate Commerce Act. However, this Court is more familiar with claims arising under Illinois state law and defenses thereto than a Texas court would be.

Official statistics for the United States District Courts (using the most recent totals, for the 12-month period ending March 31, 2005), indicate that, although the difference is not great, this case would likely be resolved more quickly in the Southern District of Texas. For civil cases, the Southern District of Texas has a median time from filing to disposition of 8.7 months, while in the Southern District of Illinois, 9.0 months elapses on average from filing to disposition. *See* **http://www.uscourts.gov/caseload2005/tables/C05mar05.pdf.** Similarly, the filing-to-trial statistics indicate that this case might reach trial more quickly in the Southern District of Texas - 17.4 months for the Southern District of Texas, as opposed to 20.5 months in this Court. *Id.* These statistics, which favor transfer, are offset by the undersigned Judge's concern regarding a court that

8

is already heavily burdened relative to this District.  During the most recent twelve-month period for which statistics are available, the total number of civil cases filed in the Southern District of Texas was 4,735 compared with 939 in the Southern District of Illinois.  *Id*.

Statistical data is subject to interpretation and sometimes fails to present a complete picture of the case load and conditions within a given federal court.  For this reason, the Court does not resolve any question of venue transfer based on statistics alone.  Nonetheless, the facts of the case now before the Court render it probable that little or no delay would likely result whether this case is transferred or not.

On balance, this factor weighs against transfer.

### Conclusion

The Court finds that Southcap has not met its burden of establishing that the transferee forum is clearly more convenient.  Accordingly, having concluded that venue is proper in both the transferor district and the transferee district, and having weighed the appropriate factors, the Court **DENIES** Southcap's motion to transfer this action to the United States District Court for the Southern District of Texas (Doc. 31).

**IT IS SO ORDERED.**

**DATED this 2nd day of August, 2007**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**