IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VALERO MARKETING AND SUPPLY COMPANY AND PREMCOR REFINING GROUP INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:06-cv-623 DGW |
| v. | ) ) | |
| SOUTHCAP PIPELINE COMPANY | ) ) ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on a discovery dispute. On December 17, 2008, the Court held a hearing in which it heard arguments from both sides on two issues: 1) whether any and all documents reviewed, relied upon, or generated by Defendant's non-testifying experts retained in anticipation of litigation, and later relied upon by its testifying expert, are discoverable by Plaintiffs; and 2) whether communications between the Defendant and the Defendant's non-testifying experts as to the regrading of the oil that is the basis of this lawsuit is discoverable by Plaintiffs. For the reasons stated below, the Court **FINDS** and **ORDERS:** 1) that Plaintiffs' discovery request for documents relied on or generated by Defendant's non-testifying experts in discovery is **DENIED**; 2) that Plaintiffs' request for communications between the Defendant's non-retained experts and the Defendant regarding the regrading of the oil in question in this lawsuit is **DENIED**; and 3) that Plaintiff's request for documents given to the retained testifying expert is **GRANTED**.

## RELEVANT PROCEDURAL HISTORY

This lawsuit concerns an undivided joint interest oil pipeline known as Capline, which runs from St. James, Louisiana, near the Gulf of Mexico to Patoka, Illinois. The pipeline has four owners: Defendant Southcap, Marathon Pipe Line LLC, BP Amoco, and Plains All American Pipeline LLC. Each owner is an interstate common carrier oil pipeline; each has a separate tariff on file with the Federal Energy Regulatory Commission ("FERC") under which it provides oil transportation service through its capacity on the Capline System. The owner/carriers, including defendant Southcap, contract with Shell Oil Company to operate Capline.

At issue in this suit is the value of approximately 420,000 barrels of crude oil designated as Qua Iboe. The Plaintiffs allege that the disputed oil was shipped on, but never delivered out of, Southcap's capacity on the Capline Pipeline System. Specifically, in 2004, Shell completed a book-to-physical audit and reconciled the books to the physical measurement of oil in the pipeline. Shell regraded the inventory and concluded that these disputed barrels never existed on the system, thereby reducing Plaintiffs' inventory by approximately 420,000 barrels. Southcap informed the Plaintiffs, who objected, and continue to object to the reduction of their crude oil inventory. The inventory adjustment is the basis of the lawsuit.

## DOCUMENTS RELIED ON BY NON-TESTIFYING EXPERTS

The first question before the Court is whether Plaintiffs are entitled in discovery to all the documents relied on by experts hired by Defendant to investigate the regrading of the oil at issue after the book to physical inventory. It is undisputed that Defendants have hired three experts (consultants) to investigate the disputed inventory imbalance. Two of the three experts have not been

disclosed as testifying experts.[1] Only Philip Innes, the third expert, has been certified as a testifying expert. Shell, the operator of the pipeline, not Defendant Southcap, conducted the physical inventory regrade. Defendant has provided to the Plaintiffs a document entitled the "all-transactions spreadsheet," which is a summary of the underlying transactions the non-testifying experts considered in preparing their report.[2]

Federal Rule of Civil Procedure 26(b)(4)(B) exempts from discovery "facts known and opinions held by" non-testifying consultants hired in anticipation of litigation but not expected to be called as witnesses at trial unless exceptional circumstances exist such that "it is impracticable for the party to obtain facts or opinions on the same subject by other means." FED R. CIV. P. 26(b)(4)(B)(ii). The Advisory Committee Notes to the 1993 Amendments to the Rule state in pertinent part "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions--whether or not ultimately relied on by the expert--are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes.

At the hearing, Defendant admitted that the first two consultants were hired in anticipation of litigation after Plaintiffs threatened legal action over the disputed oil. The Court agrees with Plaintiffs that any documents produced by the non-testifying consultants and disclosed to the testifying expert, Philip Innis, are discoverable because Defendant waived Rule 26 protection when it produced the documents to Innis. To the extent that the 12 disputed documents have been

---

[1] These experts are Bob Faught and Howard and Laura Blunk.

[2] Also at issue are 12 documents prepared by the non-testifying experts and produced to the testifying expert and considered by him in preparing his report.

disclosed to the testifying expert Defendant has waived the protections of Rule 26. The Court made this ruling in a separately-filed order (Doc. 103).

Plaintiffs, however, argue that they are entitled in discovery to any an all documents relied upon by the non-testifying experts. They argue that they will be prejudiced during cross-examination of Defendant's testifying expert if they are not allowed to discover all information relied on by the non-testifying experts because Defendant's testifying expert relied on documents produced by the non-testifying experts. The Court is not persuaded by this reasoning. Plaintiffs' own retained expert will have specialized knowledge that will assist them in preparation of cross-examination of the Defendant's expert. Plaintiffs should let the litigation process unfold.

Additionally, Plaintiffs argue that they should have access to the non-testifying experts' documents because of "exceptional circumstances." Rule 26(b)(4)(B) states that exceptional circumstances exist when "it is impracticable for the party to obtain facts or opinions on the same subject by other means." *See Ludwig v. Pilkington N. Am. Inc.,* No. 03 C 1086, 2003 U.S. Dist. LEXIS 17789, at *8 (N.D. Ill. Sept. 30, 2003). Exceptional circumstances exist when the condition is no longer observable, or the cost to replicate the data or condition is judicially prohibitive. *Id.* at *7-8. Establishing exceptional circumstances is a heavy burden. *See Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. P'ship,* 154 F.R.D. 202, 208 (N.D. Ind. 1993). In support of their exceptional circumstances argument, Plaintiffs maintain that it would be impracticable to recreate Defendant's investigation. The Court is not persuaded that exceptional circumstances exist here. Plaintiffs initiated this lawsuit therefore have the burden of moving the ball forward. Defendant took steps to protect itself after plaintiffs threatened legal action. The rule is clear.

Finally, Plaintiffs argue that they are entitled to all of the non-testifying experts documents

because defendant waived any privilege under Rule 26(b)(4)(B) when they provided the results of the report to Plaintiffs and to a third party, in this case, Shell Oil. Defendant argues that there is no evidence that consultants materials were shared outside of Southcap.[3]

However, even if arguendo, Southcap had shared those documents with Shell under the "common interest doctrine," the company did not waive the privilege by revealing them to another company with which it shared a common legal interest. *See In re Sulfuric Acid Antitrust Litigation*, 235 F.R.D. 407 (N.D. Ill. 2006). All parties acknowledge an indemnification agreement between Southcap and Shell. The Court recognizes the difficult position in which Plaintiffs find themselves. In order to find in Plaintiffs' favor, however, the Court would have to fashion a rule that whenever a "second-tier" or specially-employed expert is retained, exceptional circumstances exist. By that type of rule, the mere existence of a second-tier expert would force disclosure of documents created or relied upon by that second-tier expert. This Court declines to expand the law in this manner. It is for Congress, not this Court, to amend Rule 26(b)(4) to provide for discovery concerning second-tier experts.

Moreover, this case is being tried to the Court as the finder of fact. The parties are reminded that at common law and under the Federal Rules of Evidence, courts have the power in both civil and criminal proceedings to compel the testimony of any expert, regardless of the source of the expert's information. See Kaufman v. Edelstein, 539 F.2d 811 (2d Cir. 1976). "[T]he public has a right to every man's evidence." Id. (quoting United States v. Nixon, 418 U.S. 683, 709 (1974)). If called by the court, an expert must disclose his opinions from the facts given. Kaufman, 539 F.2d

---

[3] A memo to Southcap management referencing the documents exists, but there is no evidence that it was shared.

811. With these principles in mind, as the trial approaches, if the Court finds that justice requires an examination of these experts, it will not hesitate to compel their testimony.

### COMMUNICATION WITH NON-TESTIFYING EXPERTS

The second issue before the Court is to what extent communications of non-testifying experts retained by the defendant for the purpose of investigating the inventory imbalance, that is the regrading of the inventory after the book to physical inventory, are discoverable. For the reasons, stated above, the Court finds that these communications are not discoverable.

### CONCLUSION

Because Rule 26(b)(4)(B) exempts from discovery "facts known and opinions held by" non-testifying consultants hired in anticipation of litigation unless exceptional circumstances exist such that "it is impracticable for the party to obtain facts or opinions on the same subject by other means. Plaintiffs' request for documents relied on or generated by Defendant's non-retained experts in discovery is **DENIED**. Additionally, Plaintiffs' request for communications between the Defendant's non-retained experts and the Defendant regarding the regrading of the oil in question in this lawsuit is **DENIED**. However, Plaintiff's request for any documents given to Defendant's retained testifying expert is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: January 15, 2009**

                         *s/ Donald G. Wilkerson*
                         **DONALD G. WILKERSON**
                         **United States Magistrate Judge**