IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VALERO MARKETING AND SUPPLY COMPANY and THE PREMCOR REFINING GROUP, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:06-cv-623 DGW |
| v. | ) ) | |
| SOUTHCAP PIPE LINE COMPANY, | ) ) | |
| Defendant. | ) | |

**ORDER**

The Court conducted a bench trial in this matter beginning on October 26, 2009. At the close of Plaintiffs' case, Defendant moved orally for judgment under Fed. R. Civ. P. 52(c) on all counts of the complaint (Doc. 186, p. 68). Defendant also moved for judgment under Rule 52(c) arguing that only one of the two Plaintiffs could have standing to bring the claims against Defendant Southcap (Doc. 186, p. 90). The Court declined to render judgment until the close of evidence (Doc. 186, p. 120).

At the close of evidence both Plaintiffs moved orally for judgment pursuant to Rule 52(c) and Defendant Southcap renewed its motion for judgment pursuant to Rule 52(c). The Court denied the motions, but reserved ruling on the question of standing, giving the parties the opportunity to file briefs on the issue (Doc. 184, pp. 83-85). For the reasons set forth below, Defendant's motion for judgment in its favor on the issue of standing is **DENIED**.

**ANALYSIS**

Article III of the Constitution restricts federal courts from adjudicating matters that do not present actual cases or controversies. *See Allen v. Wright*, 468 U.S. 737, 750 (1984). Central to the case or controversy requirement is the doctrine of standing which requires that a plaintiff show the

following. First, a plaintiff must demonstrate a concrete and particularized "injury-in-fact" that is actual or imminent, not merely conjectural or hypothetical. Second, a plaintiff must show a causal connection between the injury and the complained-of conduct. Third, a plaintiff must show a likelihood that the injury will be redressed by a decision in his or her favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). An "injury-in-fact" is an "invasion of a legally protected interest." *Id.* at 560.

Based upon the evidence submitted at trial, the Court finds that both Plaintiffs Valero Marketing and Supply Company ("Valero") and Premcor Refining Group ("Premcor") have standing under Article III. Premcor alleges an entitlement to the 432,775.82 barrels of Qua Iboe credited to its inventory by Southcap in December 2002, which rendered Southcap's December 2005 removal of 418,357 barrels of Qua Iboe from Valero's inventory improper. These allegations show an injury-in-fact caused by Defendant. A finding in favor of Plaintiffs would compensate Premcor for the alleged improper removal of the barrels and demonstrates that Premcor's alleged injury is redressable. Valero Marketing and Supply alleges an entitlement to the barrels at the time they were removed from Valero's book inventory by Southcap in December 2005. This assertion sufficiently alleges an injury caused by Defendant. As with Premcor, a finding in favor of Plaintiffs would compensate Valero for the improper removal.

The Court infers from the evidence presented that at the time Valero acquired Premcor it assumed Premcor's rights. The parties stipulated that "[a]fter Valero Energy Corporation acquired Premcor, Valero assumed control over all of Premcor's inventory-related activities, including crude oil movement" (Doc. 151, Stipulated Fact 6).

Clay Killinger, Valero Energy Corporation Senior Vice President and Controller testified in

deposition that after Valero's acquisition of Premcor by purchase of stock, ownership of crude oil moved from Premcor to Valero Marketing and Supply (Doc. 187, p. 3). Dennis Dominic, Valero's Vice President testified in his deposition that after the September 2005 acquisition, Valero took over the "rights and obligations" of Premcor (Joint Trial Exh. J, Dominic Depo., pp. 6-7). Moreover, the parties have acted as though Valero assumed the rights of Premcor since their merger in September 2005. For example, Southcap sent invoices and Oil Volume Statements to Valero for Premcor's inventories (Pl. Tr. Exhs. 340, 352).

At oral argument on the motion, Defendant argued that one of the two Plaintiffs–but not both–must have standing. That argument was based, in part, on the assumption that if the Court found in favor of the Plaintiffs only one of the two entities could collect damages. The Court rejects this argument because it implicates the merits of the case. A court is to address standing independent of the merits of the case. *See Campbell v. Minneapolis Housing Authority*, 168 F.3d 1069, 1074 (8th Cir. 1999) ("We repeat the fundamental principle that the ultimate merits of the case have no bearing on the threshold question of standing."); *Novartis Seeds, Inc. v. Monsanto Co.*, 190 F.3d 868, 871 (8th Cir. 1999) (quoting *Bell v. Hood*, 327 U.S. 678 (1946) (determinations on the merits are to be decided after the Court "has assumed jurisdiction" over a controversy)).

Furthermore, Fed. R. Civ. P. 20(a) allows plaintiffs to join in one action if they "assert any right to relief jointly, severally, or *in the alternative* with respect to or arising out of the same transaction or occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action" (emphasis added). The Court is not required to find in favor of both plaintiffs when permissive joinder of plaintiffs is allowed; "[t]he court may grant judgment to one or more plaintiffs according to their rights." Fed. R. Civ. P. 20(a)(3).

## CONCLUSION

Because both Plaintiffs have demonstrated standing under Article III by alleging an injury caused by Defendant and redressable by judgment in their favor, the Court finds both Valero Marketing and Supply and Premcor Refining Group have standing to bring the claims raised in the complaint. Defendant's motion that the Plaintiffs lack standing brought under Fed. R. Civ. P. 52(c) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 27, 2010**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
